Jon G. Shadinger Jr, Esq.
Shadinger Law, LLC
P.O. Box 279
Estell Manor, NJ 08319
(609) 319-5399
(314) 898-0458 - Fax
js@shadingerlaw.com

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| DENNIS MAURER, an Individual, | : |
| Plaintiff, | : |
| vs. | : |
| CAPEATLANTIC FOOD SERVICES, LLC, a New Jersey Limited Liability Company | : Case No.   1:19-cv-16401 |
| Defendants. | : |

## COMPLAINT

Plaintiff, DENNIS MAURER, an individual, on his behalf and on behalf of all other mobility impaired individuals similarly situated hereby sues the Defendant, CAPEATLANTIC FOOD SERVICES, LLC, a New Jersey Limited Liability Company, for injunctive relief, damages, attorney's fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. §12181 et seq. ("ADA") and the New Jersey Law Against Discrimination, N.J.S.A. 10:5-12.

**COUNT I
VIOLATION OF TITLE III OF THE
AMERICANS WITH DISABILITIES ACT, 42 U.S.C. § 12181, *et seq.***

1. Plaintiff, DENNIS MAURER, is an individual residing at 8 Prospect Avenue, Egg

Harbor Township, New Jersey 08234, in the County of Atlantic.

2. Defendant's property, also known as Burger King Restaurant #4339, is located at 320 White Horse Pike, Absecon, New Jersey 08201, in the County of Atlantic (hereinafter sometimes referred to as "Subject Property" or "Burger King").

3. Defendant, CAPEATLANTIC FOOD SERVICES, LLC, owns or operates a place of public accommodation located at the subject property alleged by the Plaintiff to be operating in violation of Title III of the ADA.

4. Venue is properly located in the District of New Jersey because venue lies in the judicial district of the property situs. The Defendant's property is located in and does business within this judicial district.

5. Pursuant to 28 U.S.C. § 1331 and 28 U.S.C. §1343, this Court has been given original jurisdiction over actions which arise from the Defendants' violations of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. See also 28 U.S.C. § 2201 and § 2202.

6. Plaintiff, DENNIS MAURER, is a New Jersey resident, is sui juris, and qualifies as an individual with disabilities as defined by the ADA. Plaintiff has multiple sclerosis, is mobility impaired and requires the use of a wheelchair to ambulate at all times.

7. Mr. Maurer has visited the property that forms the basis of this lawsuit on numerous occasions, with the last such visit occurring in July 2019. Mr. Maurer plans to return to the subject property in the very near future to avail himself of the goods and services offered to the public at the property. The subject property is located less than ten (10) miles from the Plaintiff's home.

8. Mr. Maurer has encountered architectural barriers at the subject property. The barriers to access at the property have endangered his safety.

9. Defendant owns, leases, leases to, or operates a place of public accommodation as

defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104. Defendant is responsible for complying with the obligations of the ADA. The place of public accommodation that the Defendant owns, operates, leases or leases to is known as Burger King Restaurant #4339, and is located at 320 White Horse Pike, Absecon, New Jersey 08201.

10. Mr. Maurer has a realistic, credible, existing and continuing threat of discrimination from the Defendant's non-compliance with the ADA with respect to this property as described but not necessarily limited to the allegations in paragraph 13 of this complaint.

11. Plaintiff has reasonable grounds to believe that he will continue to be subjected to discrimination in violation of the ADA by the Defendant. Plaintiff desires to visit Burger King, not only to avail himself of the goods and services available at the property but to assure himself that this property is in full compliance with the ADA so that he and others similarly situated will have full and equal enjoyment of the property without fear of discrimination.

12. The Defendant has discriminated against the individual Plaintiff and others similarly situated by denying them access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the buildings, as prohibited by 42 U.S.C. § 12182 et seq.

13. The Defendant has discriminated, and is continuing to discriminate, against the Plaintiff in violation of the ADA by failing to, inter alia, have accessible facilities by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less). A preliminary inspection of the Defendants' property, Burger King Restaurant #4339, has shown that violations of the ADA exist. The following are violations that DENNIS MAURER has personally encountered or observed during his visits to the Subject Property:

**Parking and Exterior Accessible Route**

    a.    Accessible parking spaces provided by Defendant are not maintained, lack compliant access aisles, and are impeded by the non-compliant curb ramp protruding to the access aisle, violating Sections 502 and 502.4 of the 2010 Standards for Accessible Design.  When unloading from his van Mr. Maurer is impeded by elements within the accessible space. On certain occasions Mr. Maurer was forced to park away from the restaurant in order ensure egress from his van.

    b.    Accessible parking provided by Defendant leads to an improper curb ramp which contains excessive sloping, a violation of Sections 402 and 405 of the 2010 Standards for Accessible Design.  The curb ramp provided endangers Mr. Maurer's safety as it presents a tipping hazard and can cause damage to his wheelchair.

    c.    Parking provided at Burger King fails to provide a safe, accessible route from the parking area to the entrance, violating Section 502 of the 2010 Standards for Accessible Design. While traveling from the parking area to the restaurant Mr. Maurer is forced to travel through slopes and abrupt changes of level to reach the entrance; presenting him with an additional danger of tipping and damaging his wheelchair.

    d.    The exterior accessible route at Burger King was contains cross slopes, abrupt changes of level and curb ramps with excessive slopes violating Sections 402 and 403.4 of the 2010 Standards for Accessible Design.  As previously noted, these conditions present a danger to Mr. Maurer.

    e.    Burger King fails to provide an accessible route to the adjacent street, sidewalk or bus stop, violating Section 206.2.1 of the 2010 Standards for Accessible Design.  The lack of an accessible route to the sidewalk limits Mr. Maurer's options for transportation.

**Access to Goods and Services**

f. When entering Burger King Mr. Maurer is impeded by a lack of maneuvering clearance at the door and further impeded by slopes greater than 2.0%, violating section 404 of the 2010 Standards for Accessible Design. Due to the presence of this barrier Mr. Maurer cannot enter the restaurant freely and safely without assistance.

**Restrooms**

g. The restroom at Burger King provides restroom doors with a lack of latch side clearance caused by the presence of goods, violating Section 404 of the 2010 Standards for Accessible Design. Mr. Maurer's maneuvering clearance is impeded when attempting to exit the men's restroom.

h. Burger King provides water closets that contain dispensers which are mounted out of reach and may contain improper centerlines, violating Section 604 of the 2010 Standards for Accessible Design. Mr. Maurer is impeded in the restroom due to a lack of accessible elements.

14. Each of the foregoing violations is also a violation of the 1991 American with Disabilities Act Accessibility Guidelines (ADAAG) and the 2010 Standards for Accessible Design, as promulgated by the U.S. Department of Justice.

15. The discriminatory violations described in paragraph 13 are not an exhaustive list of the ADA violations that exist at Defendant's property but are the result of a preliminary inspection. Plaintiff requires thorough inspection of the Defendant's place of public accommodation in order to photograph and measure the architectural barriers which exist at the subject property and violate the ADA. The individual Plaintiff, and all other individuals similarly situated, have been denied access to, and have been denied the benefits of services, programs and activities of the Defendant's buildings and its facilities, and have otherwise been discriminated against and damaged by the

Defendant because of the Defendant's ADA violations, as set forth above. The individual Plaintiff and all others similarly situated will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, the Plaintiff requires an inspection of the Defendant's place of public accommodation in order to determine all of the areas of non-compliance with the ADA.

16. Defendant has discriminated against the Plaintiff by denying him access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of its place of public accommodation or commercial facility in violation of 42 U.S.C. § 12181 et seq. and 28 CFR 36.302 et seq. Furthermore, the Defendant continues to discriminate against the Plaintiff and all those similarly situated by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

17. Plaintiff is without adequate remedy at law and is suffering irreparable harm. Considering the balance of hardships between the Plaintiff and the Defendant, a remedy in equity is warranted. Furthermore, the public interest would not be disserved by a permanent injunction.

18. Plaintiff has retained the undersigned counsel and is entitled to recover attorney's fees, costs and litigation expenses from the Defendant pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

19. Defendant is required to remove the existing architectural barriers to the physically disabled when such removal is readily achievable for its place of public accommodation that have

existed prior to January 26, 1992, 28 CFR 36.304(a); in the alternative, if there has been an alteration to Defendant's place of public accommodation since January 26, 1992, then the Defendant is required to ensure – to the maximum extent feasible – that the altered portions of the facility are readily accessible to and useable by individuals with disabilities, including individuals who use wheelchairs, 28 CFR 36.402; and finally, if the Defendant's facility is one which was designed and constructed for first occupancy subsequent to January 26, 1993, as defined in 28 CFR 36.401, then the Defendant's facility must be readily accessible to and useable by individuals with disabilities as defined by the ADA.

20. Notice to Defendant is not required as a result of the Defendant's failure to cure the violations by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less). All other conditions precedent have been met by Plaintiff or waived by the Defendant.

21. Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiff Injunctive Relief, including an order to require the Defendant to alter Burger King Restaurant #4339 and make the subject property readily accessible and useable to the Plaintiff and all other persons with disabilities as defined by the ADA; or by closing the subject property until such time as the Defendant cures its violations of the ADA.

**WHEREFORE,** Plaintiff respectfully requests:

    a. The Court issue a Declaratory Judgment that determines that the Defendant at the commencement of the subject lawsuit is in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq.

    b. Injunctive relief against the Defendant including an order to make all readily achievable alterations to the facility; or to make such facility readily accessible to and usable by

individuals with disabilities to the extent required by the ADA; and to require the Defendant to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such steps that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

c. An award of attorney's fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205.

d. Such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

### COUNT II
### VIOLATION OF NEW JERSEY LAW AGAINST DISCRIMINATION
*(N.J.S.A. 10:5-12)*

22. Plaintiff re-alleges and incorporates by reference all allegations set forth in this Complaint as fully set forth herein.

23. Defendant's facility is a place of public accommodation as defined by N.J.S.A 10:5-5, (New Jersey Law Against Discrimination).

24. New Jersey law provides that all persons shall have the opportunity to obtain all the accommodations, advantages, facilities, and privileges of any public place of accommodation without discrimination on the basis of disability. This opportunity is recognized and declared to be a civil right (N.J.S.A. 10:5-4.)

25. As set forth above, Defendant has violated the New Jersey Law Against Discrimination by denying disabled individuals the full and equal enjoyment of the goods, facilities,

services and accommodations available at the subject property, Burger King Restaurant #4339.

26.     As a result of the aforementioned discrimination, Plaintiff DENNIS MAURER has sustained emotional distress, mental anguish, suffering and humiliation, and other injuries, in violation of the New Jersey Law Against Discrimination.

**WHEREFORE**, Plaintiff, DENNIS MAURER respectfully demands judgment for damages, attorney's fees, litigation expenses, including expert fees and costs pursuant to the New Jersey Law Against Discrimination.

Respectfully submitted,

Dated: August 6, 2019

/s/ Jon G. Shadinger Jr.
Jon G. Shadinger Jr., Esq.
Shadinger Law, LLC
NJ Attorney ID No.036232017
P.O. Box 279
Estell Manor, NJ 08319
(609) 319-5399
(314) 898-0458 - Fax
js@shadingerlaw.com
*Attorney for Plaintiff, Dennis Maurer*